## JAMES W. TUFTS
### v.
## SUSAN JOHNSON.

*Sales—Vendor's Lien—Sale of Property by Vendee—Whether Vendee's Purchaser Chargeable with Knowledge of Lien—Agency—Instructions.*

1. In an action of replevin brought by a vendor to recover certain property on which he claimed a lien, where such property had been sold by the vendee to a third party, *held*, that the evidence was not sufficient to establish that a certain individual, who had knowledge of the lien, acted in the transaction as the agent of the defendant in making the purchase of the property from the first vendee, so as to charge the defendant with notice of the lien.

2. Certain modifications of instructions by the court on the question of agency *held*, to have been correct.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. ORENDORFF & PATTON, for appellant.

Messrs. JOHN C. SNIGG and PALMERS & SHUTT, for appellee.

MR. JUSTICE WALL. This was an action of replevin for a soda fountain upon which plaintiff asserted a lien as vendor by reason of a written agreement with the vendee. There was no chattel mortgage to secure the claim. The vendee, The Fleury Medicine Co., sold its stock, including the fountain, to defendant. It is not insisted that she had any personal knowledge of the lien of the plaintiff, but that she is chargeable with knowledge thereof possessed by Frank Fleury, upon the ground that he was her agent in making the trade. Fleury was really the agent of the

Medicine Co.; but as he was the brother of the defendant she says she asked his opinion as to the value of the stock. It was sought by the plaintiff to show that he was her agent in making the purchase. This she denied, and so the main question was as to the alleged agency. He was the managing agent of the Medicine Co. and could not very well have been her agent at the same time. We think there is no sufficient ground for disturbing the judgment, which was for the defendant, unless there appears some error in the matter of instructions.

It is urged the court erred in modifying the following instruction:

"The court instructs the jury that any knowledge which a person has when he is performing an act for another is binding upon that person, even though the party was at the time acting for the other party to the purchase," and making it read as follows:

"The court instructs the jury that any knowledge which a person has when he is performing an act as agent for another is binding upon that person, even though the party was at the time acting for the other party to the transaction."

Other instructions were modified the same way. The effect was to require the relation of agency to exist in order to bind the defendant by the knowledge possessed by Frank Fleury. We think there was no error in this respect.

Nor was there any error in the instruction given for the defendant as follows:

"The court instructs the jury that even if they believe from the evidence that the defendant relied upon the representation of Frank Fleury as to the value of the property bought by her, that fact alone would not make Frank Fleury her agent so as to charge her with notice of plaintiff's rights on account of Fleury."

The principal objection urged to it is, that it singles out a certain isolated fact upon which to predicate non-agency. We think rather it contains a concise statement of the position taken by the defendant. According to her theory and version of the matter, she did no more than was here stated,

to wit, rely upon his representation of the value of the stock. This expression summarizes it all if her statement is correct.

We find nothing in the record to require a reversal. The judgment will be affirmed.

*Judgment affirmed.*